# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CECIL L. COLLINS-PEARCY and § | | |
| MARK A. PEARCY, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-08-2798 | |
| § | | |
| MEDITERRANEAN SHIPPING § | | |
| COMPANY (USA) INC., § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

Pending before the Court in this employment dispute is a Motion for Sanctions Under Rule 11 ("Motion") [Doc. # 27] filed by Defendant Mediterranean Shipping Company (USA) Inc. Plaintiffs Ceceil L. Collins-Pearcy and Mark A. Pearcy have responded [Doc. # 28] and Defendant has replied [Doc. # 29]. Defendant seeks sanctions against Plaintiffs, former employees of Defendant, for filing frivolous claims under Title VII, the Pregnancy Discrimination Act ("PDA") and the Family Medical Leave Act ("FMLA") despite legal authority cited previously by Defendant and despite a warning and notice period given by Defendant under Rule 11(c)(2) of Federal Rules of Civil Procedure. Defendant does not specify what sanctions it seeks. The Court denies the Motion without prejudice as to the Title VII and PDA claims and with prejudice as to the FMLA claim.

P:\ORDERS\11-2008\2798SanctionsMtn.wpd        090709.1326

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 11 ("Rule 11") applies to any civil suit in federal district court. Monetary sanctions may be awarded against offending attorneys for violations of Rule 11(b)(2), which requires that a party's legal contentions, claims, and defenses be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2); *Marlin v. Moody Nat'l Bank*, 533 F.3d 374, 380 (5th Cir. 2008). Monetary sanctions may also be awarded against either attorneys or the parties if "the factual contentions [do not] have evidentiary support or, if specifically so identified, will [not] likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3), 11(c)(5)(A); *Skidmore Energy, Inc. V. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006).

"[T]he standard under which the attorney is measured [under Rule 11] is an objective, not subjective, standard of reasonableness under the circumstances. *Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255, 263–65 (5th Cir. 2007) (citing *Whitehead* [*v. Food Max of Miss., Inc.*], 332 F.3d [796,] 802 [(5th Cir. 2003) (en banc)] (quoting *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994)). Accordingly, an attorney's good faith will not, by itself, protect against the imposition of Rule 11 sanctions. *Childs*, 29 F.3d at 1024.

The Advisory Committee Note to Rule 11 provides that a lawyer is required to

"'stop-and-think' before . . . making legal or factual contentions." Advisory Committee Notes on FED. R. CIV. P. 11 (1993 Amendments); *see generally* Advisory Committee Notes on FED. R. CIV. P. 11 (2007 Amendments) (the 2007 amendments are intended to be stylistic only). "Moreover, when deciding whether sanctions are appropriate, as well as the date from which sanctions, if any, should be imposed, the district court must adhere to our court's well-established 'snapshot rule', which 'ensures that Rule 11 liability is assessed only for a violation existing at the moment of filing.'" *Marlin*, 533 F.3d at 380 (quoting *Skidmore Energy*, 455 F.3d at 570; citing *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) (en banc) ("Like a snapshot, Rule 11 review focuses upon the instant when the picture is taken-when the signature is placed on the document.")).

"Whatever the ultimate sanction imposed, the district court should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose." *Jenkins,* 478 F.3d at 265 (quoting *Thomas*, 836 F.2d at 878); Advisory Committee Notes on FED. R. CIV. P. 11 (1993 Amendments) (Sanctions should "not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons."). Sanctions "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and

other expenses directly resulting from the violation." FED. R. CIV. P. 11(c)(4); *Marlin*, 533 F.3d at 378.  "For example, an admonition by the court may be an appropriate sanction, in instances where the attorney's sanctionable conduct was not intentional or malicious, where it constituted a first offense, and where the attorney had already recognized and apologized for his actions." *Id.* (citing, *e.g.*, *In re Kelly*, 808 F.2d 549, 552 (7th Cir. 1986) (issuing a formal warning because "the [offending paper] was clumsily rather than dishonestly drafted, and . . . counsel ha[d] . . . acknowledged [the deficiency] . . . and has assured us that [he] will not in the future make inadequately substantiated statements in court filings"); *see also Traina v. United States*, 911 F.2d 1155, 1158 (5th Cir. 1990).

## II.   DISCUSSION

The Court has carefully reviewed the parties' arguments.  On the FMLA claim, Defendant's contentions on the lack of merit of Plaintiffs' claims are weighty, but not sufficient to warrant Rule 11 sanctions against Plaintiffs.  First, Plaintiffs, factually, presented evidence that Ms. Collins-Pearcy worked for Defendant exactly 12 months, to the day, if her start and termination dates both are counted.  Defendant has not demonstrated that both dates should not qualify for consideration, or that a person must work *more than* a year to become an "eligible employee."  Defendant's factual contention that Plaintiff did not work at least a year is thus subject to question.

Defendant's argument that Plaintiff is subject to sanctions for asserting factual contentions without evidentiary support is unpersuasive.

On the legal viability of Plaintiffs' legal FMLA theory, Defendant cites two potentially persuasive cases, *Walker v. Elmore County Bd. of Educ.*, 379 F.3d 1249, 1253 (11th Cir. 2004) (holding that there was no protection against retaliation when the request for FMLA leave was made prior to the employee becoming eligible to take leave), and *Lopez v. Lone Star Beef Processors LP*, 145 F. App'x 473, 475–76 & n.13 (5th Cir. 2005), but neither is dispositive. *See also Moore v. Sears Roebuck & Co.*, 2007 WL 1950405, at *4 (N.D. Fla. 2007). Defendant has cited no binding Fifth Circuit authority. There are some lower court decisions (not binding on this Court) deserving consideration and that muddy Defendant's assertion that the law is "clear." *See, e.g., Nameth v. Celina Financial Corp.*, 2006 WL 561860, at *6–*7 (N.D. Ohio 2006); *Ruder v. Me. Gen'l Med. Ctr.*, 204 F. Supp. 2d 16 (D. Me. 2002); *see generally* 29 C.F.R. § 825.110(b). Thus, Defendant has not demonstrated that Plaintiff has not asserted a "nonfrivolous argument for extended, modifying or reversing existing law or for establishing new law." *See* FED. R. CIV. P. 11(b)(2) and (3). The Court will not impose sanctions for a Rule 11 violation as to the FMLA claims Plaintiffs assert.

Regarding Plaintiffs' Title VII and PDA claims, the Court does not comprehend Plaintiff's response to Defendant's Motion. The Notices of Right to Sue from the

Equal Opportunity Commission were issued to each Plaintiff on March 27, 2008, and are presumed to have been received on or before March 31, 2008. Plaintiffs submit nothing to controvert this presumption. The Court deems Plaintiffs' response inadequate. The Court nevertheless exercises its discretion not to impose monetary or other formal sanctions *at this time*. Instead, Plaintiffs are admonished to review carefully their position that these claims are not time-barred. Rule 15 of the Federal Rules of Civil Procedure, which addresses parties' rights to amend federal *pleadings*, is irrelevant to the Title VII and PDA statutory deadlines at issue in his case. Plaintiffs' skeletal reference to that rule is unavailing. Plaintiffs counsel is further admonished that she must research the law before submitting response referencing a rule, statute or case. The Court will revisit the issue of sanctions, if Plaintiffs without pertinent legal authority persist in their position that the Title VII and PDA claims are not time-barred.

In passing, the Court notes that the strategy of seeking sanctions at this juncture in this case is curious. It is unclear why Defendant has not made its legal points in a motion for summary judgment. Defendant could have given Plaintiff a Rule 11 notice and thereafter filed the sanctions motion simultaneously with its summary judgment motion. As Defendant acknowledges, Plaintiffs also urge a claim under the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001 *et seq.*, for alleged

wrongs stemming from the same facts. A motion seeking sanctions mid-way through a case that will continue irrespective of dismissal of the FMLA, PDA and Title VII claims is unlikely to be productive. It is therefore

**ORDERED** that Defendant's Motion for Sanctions Under Rule 11 [Doc. # 27] is **DENIED** with prejudice as to Plaintiffs' FMLA claim and without prejudice as to Plaintiff's Title VII and PDA claims.

SIGNED at Houston, Texas, this 9th day of **July, 2009**.

Nancy F. Atlas
United States District Judge